UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HAND PROMOTIONS, INC.,

       Plaintiff,

v.                               Case No. 8:25-cv-2867-KKM-SPF

KAHWA HOOKAH LLC, d/b/a
KAHWA HOOKAH LOUNGE,
and FADI HERBAWI,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 20). The undersigned recommends that the motion be GRANTED in part and DENIED in part.

## I.    BACKGROUND

Plaintiff Joe Hand Promotions, Inc. sues Defendants Kahwa Hookah LLC and Fadi Herbawi for their illegal broadcast of *Ultimate Fighting Championship® 285: Jones vs. Gane* ("the Event") on March 4, 2023, at Kawha Hookah Lounge ("the Establishment"), in violation of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605 (Doc. 10). In its First Amended Complaint, Plaintiff alleges that it held the sole and exclusive license to distribute and authorize the public display of the Event to businesses (*Id*. at ¶ 7). Defendant Kahwa Hookah LLC operated, maintained, and controlled the Establishment on the date of the Event (*Id*. at ¶ 4). Defendant Fadi Herbawi was a member, manager, officer, director, shareholder, and/or principal of the entity that owned and operated the Establishment, with the right and ability to supervise the Establishment's activities (*Id*. at ¶ 5). The Establishment could display the Event only upon paying a commercial sublicense fee to Plaintiff for the Event (*Id*. at ¶ 9). On

1

March 4, 2023, without authorization and without paying a commercial sublicense fee to Plaintiff, Defendants (or their agents, servants and/or employees) willfully intercepted and received or assisted in the interception and receipt of the transmission of the Event (*Id.*). Defendants then willfully broadcast or assisted in the broadcast of the Event to patrons of the Establishment, for their own economic gain (*Id.* at ¶ 14).

Defendants were each served a copy of the Summons and Complaint on November 1, 2025 (Docs. 13, 14). Defendant Fadi Herbawi was personally served with a copy of the Summons and Complaint, while Defendant Kahwa Hookah LLC was served through its authorized agent, Fadi Herbawi (*Id.*). Under Rule 12 of the Federal Rules of Civil Procedure, Defendants were required to respond, answer, or otherwise plead to Plaintiff's Complaint by November 22, 2025 (Doc. 16). When they did not do so, Plaintiff moved for entry of a clerk's default against Defendants on December 11, 2025 (*Id.*). Default was entered against Defendants the next day (Doc. 17).

Plaintiff now moves for a final default judgment against Defendants (Doc. 20) and supports its motion with a declaration from its counsel (Doc. 20-2); a declaration from Plaintiff's president (Doc. 20-6); screenshots of the Establishment's Facebook post advertising the Event (Doc. 20-5); the Rate Card for the broadcast (Doc. 20-7); an affidavit from auditor Chad W. McCreary, who visited the Establishment during the broadcast of the Event (Doc. 20-8); and the Commercial Licensing Agreement for the Event (Doc. 20-9).[1] Plaintiff requests

---

[1]  Plaintiff's counsel declares that Defendant Fadi Herbawi is not exempted from default under the Servicemembers Relief Act (Doc. 20-2 at ¶ 6), which states that for "any civil action . . . in which the defendant does not make an appearance," the court, "before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the

a judgment of $8,340.00 in damages and fees, representing $1,500.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $4,500.00 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), $1,500.00 in attorney's fees, and $840.00 in costs (Doc. 20-1 at 11).

## II.   STANDARD OF REVIEW

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to…surviv[ing] a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" outlined in the operative complaint. *Eagle Hosp. Physicians, LLC. v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation

---

defendant is in military service." 50 U.S.C. § 3931(b)(1). "The requirement for an affidavit . . . may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." *Id.* § 3931(b)(4).

omitted).  If well-pleaded, liability is established by virtue of a default.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages, however, are not admitted by virtue of default.  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  "Rather, the Court determines the amount and character of damages to be awarded."  *Id.*  If, to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may hold hearings or refer matters as it deems necessary and proper.  Fed. R. Civ. P. 55(b)(2). Damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record."  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is not necessary if sufficient evidence is submitted to support the request for damages).

### III.   DISCUSSION

#### A.    *Adequacy of Service*

"Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982)).  The Federal Rules of Civil Procedure state that an individual can be served by "delivering a copy of the summons and of the complaint to the individual personally."  Fed. R. Civ. P. 4(e)(2)(A).  In this case, Plaintiff (through a process server) personally served Defendant Fadi Herbawi at 4941 East Busch Blvd, Suite 320 in Tampa, Florida (Doc. 14).

4

Additionally, a corporation, partnership, or association can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). In this case, Plaintiff delivered a copy of the summons and complaint to Fabi Herbawi, an authorized agent who is designated by law to accept service of process on behalf of Kahwa Hookah LLC (Doc. 13; Doc. 20-4). Because Plaintiff personally served Defendant Fadi Herbawi as an individual and as an authorized agent on behalf of Defendant Kawha Hookah LLC, the Court finds that service was adequate.

>   B.    *Liability*

The Communications Act of 1934 provides that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). The Act permits a private right of action for violations of § 605(a) and permits aggrieved parties to recover statutory damages, attorney's fees, and costs. 47 U.S.C. § 605(e)(3)(B)(ii), (iii).

Here, to establish a violation of 47 U.S.C. § 605(a), Plaintiff must demonstrate that (1) Defendants intercepted the transmission of the Event; (2) Defendants did not pay for

the right to receive the transmission; and (3) Defendants displayed the Event to the patrons of the Establishment.  *See Joe Hand Promotions, Inc. v. Prevot*, No. 8:19-cv-651-T-24SPF, 2019 WL 4694530, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Joe Hand Promotions, Inc. v. Martinez*, 2019 WL 3082582, at *3 (N.D. Ala. July 15, 2019)); *see also Joe Hand Promotions, Inc. v. Mortimer*, No. 6:19-cv-516-Orl-37EJK, 2020 WL 2366738, at *3 (M.D. Fla. Apr. 24, 2020), *report and recommendation adopted*, 2020 WL 2330233 (May 11, 2020).  In addition, to recover against Defendant Fadi Herbawi in an individual capacity based on vicarious liability, Plaintiff must demonstrate that he "had the 'right and ability to supervise the violations, and that he had a strong financial interest in such activities.'"  *Joe Hand Promotions, Inc. v. Guevara*, No. 8:19-cv-650-T-36AAS, 2020 WL 3288029, at *3 (M.D. Fla. June 18, 2020) (quoting *J & J Sports Prods., Inc. v. Mega Taco, Inc.*, No. 1:17-CV-1863-RWS, 2018 WL 2760318, at *4 (N.D. Ga. Apr. 5, 2018)).

In the First Amended Complaint, Plaintiff alleges that Defendants willfully intercepted the transmission of the Event and displayed the Event to the patrons of the Establishment, without permission and without paying the commercial sublicense fee to Plaintiff (Doc. 10 at ¶¶ 9, 13, 15, 19).  Plaintiff also alleges that Defendants exhibited the Event "for the commercial purposes of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights" (*Id*. at ¶ 14).  Additionally, Plaintiff alleges that "by virtue of their position as it relates to the Establishment, Defendant Fadi Herbawi had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times" (*Id*. at ¶ 16).  By virtue of their default, Defendants admit all these allegations to be true.  Therefore, Plaintiff alleges enough facts to demonstrate Defendants' liability for a

6

willful violation of § 605(a). *See, e.g.*, *Guevara*, 2020 WL 3288029, at \*3; *Prevot*, 2019 WL 4694530, at \*2; *Joe Hand Promotions, Inc. v. Alati Food & Drink II Inc.*, No. 8:24-cv-112-TPB-SPF, 2025 WL 491308, at \*3 (M.D. Fla. Jan. 23, 2025), *report and recommendation adopted*, 2025 WL 487942 (Feb. 13, 2025). [2]

       C.    *Damages*

Pursuant to 47 U.S.C. § 605(e)(3)(B), the Court may award Plaintiff damages, attorney's fees, and costs. Plaintiff, through its election, can choose to pursue either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). Here, Plaintiff has elected to pursue statutory damages (Doc. 20-1). Title 47 § 605(e)(3)(C)(i)(II) states that an aggrieved party may recover an award of statutory damages for each violation of subsection (a) in a sum of not less than $1,000 and not more than $10,000, as the court considers just.

Plaintiff seeks statutory damages in the amount of $1,500 (Doc. 20-1). In support, Plaintiff states that "had Defendants legally licensed the Event from Plaintiff, the licensing fee would have been $980.00." (*Id.*; Doc. 20-7 (pricing sheet for the event setting rate of $980.00 for venues with maximum fire code occupancy of 51-75); Doc. 20-8 (affidavit of author estimating capacity of the Establishment to be 65 people)). Plaintiff argues that, in addition to lost revenue in the form of its sublicense fee, it should receive compensation

---

[2] Plaintiff also pleads in the alternative that Defendants violated 47 U.S.C. § 553 (Doc. 10 at ¶¶ 22-25). "Both 47 U.S.C. 553 and 47 U.S.C. § 605 prohibit unauthorized interception and reception of a cable broadcast." *Saed*, 2019 WL 13082685, at \*1 (citations omitted). "[A]lthough Section 553 applies only to cable transmissions, Section 605 applies to both cable transmissions and satellite transmissions. Accordingly, if a person transmits a television broadcast by both cable and satellite…both statutes apply." *Id.*; *see also Prevot*, 2019 WL 4694530, at \*2 (setting forth same elements of claim under both § 553 and § 605). Nonetheless, Plaintiff may recover under only one of the two statutes. *Saed*, 2019 WL 13082685, at \*1. Plaintiff has elected to pursue damages under § 605 (Doc. 20-1). Accordingly, the remainder of this Report addresses Plaintiff's claim for damages under § 605.

for any profits Defendants gained from its unauthorized display of the Event at the Establishment (Doc. 20-1). Plaintiff requests that statutory damages under § 605(e)(3)(c)(i)(II) in the amount of $1,500.00 be assessed against Defendants and awarded to Plaintiff, with $980.00 representing the legal licensing fee for the Establishment and $520.00 representing the estimated profits gained by Defendants from their unauthorized broadcast of the Event (*Id.*). The Court agrees that $1,500.00 is a just amount of statutory damages. *See Alati*, 2025 WL 491308, at *3 (awarding $1,500 in statutory damages where the legal licensing fee was $980.00 and the estimated profits were $520.00); *Joe Hand Promotions, Inc. v. Attia*, No. 6:15-cv-1706-Orl-41GJK, 2016 WL 7015686, at *4 (M.D. Fla. Aug. 26, 2016) (awarding $2,000.00 in statutory damages because it "would have the effect of recouping the sublicense fee ($1,100.00) and disgorging Defendants of any unknown profits gained from the Broadcast ($900)"), *report and recommendation adopted*, 2016 WL 6996122 (Nov. 30, 2016). Accordingly, the Court recommends an award of statutory damages in the amount of $1,500.00.

Plaintiff also seeks enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) (Doc. 20-1), which states that "in any case where the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages…by an amount of not more than $100,000.00." Plaintiff alleges that Defendants' violation was willful and for commercial advantage or private financial gain (Doc. 10 at ¶ 19). By virtue of default, Defendants admit that these allegations are true (Doc. 20-1). Accordingly, the Court finds an award of enhanced statutory damages to be appropriate.

8

Plaintiff requests enhanced statutory damages in the amount of $4,500.00, which is equal to three times the amount of damages Plaintiff seeks under § 605(e)(3)(C)(i)(II). This aligns with amounts awarded in similar cases by other courts in this judicial district. *See Alati*, 2025 WL 491308 (awarding enhanced damages in the amount of $4,500.00 when the statutory damages awarded were $1,500.00); *Joe Hand Promotions, Inc. v. Johnny G's LLC*, No. 8:19-cv-652-T-60CPT, 2020 WL 7029302, at *4-5 (M.D. Fla. Nov. 13, 2020) (awarding treble damages of the base statutory damages amount), *report and recommendation adopted*, 2020 WL 7024873 (Nov. 30, 2020); *Guevara*, 2020 WL 3288029, at *4 (awarding enhanced damages representing three times the statutory damages amount, because the violation was deemed willful).  An award of $4,500.00 in enhanced statutory damages is appropriate.

### D.     Costs and Attorney's Fees

Under 47 U.S.C. § 605(e)(3)(B)(iii), "[t]he court…shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).  The fee

applicant bears the burden of establishing that the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

Plaintiff's counsel submitted an affidavit stating that his billable hourly rate for anti-piracy litigation is $250.00 and that he spent approximately 6 hours on this litigation (Doc. 20-2). Based on this, Plaintiff requests attorney's fees of $1,500.00 (*Id.*). The same counsel has been granted that amount in similar cases within this District. *See Alati*, 2025 WL 491308, at *4; *Mortimer*, 2020 WL 3266738, at *4; *Guevara*, 2020 WL 3288029, at *5. The Court finds this rate to be reasonable. Likewise, six hours is a reasonable amount of time to expend on a Communications Act case in which the defendant did not appear. *See Mortimer*, 2020 WL 3266738, at *4. The request for $1,500.00 in attorney's fees should be granted.

Regarding costs, Plaintiff's counsel attests that Plaintiff incurred $405.00 in costs for filing the action and $435.00 to serve Defendants (Doc. 20-2 at ¶ 11). While the $405.00 filing fee is fully taxable as "fees of the clerk" under 28 U.S.C. § 1920(1), the service of process fee is only recoverable in a reduced amount. Plaintiff has failed to provide any documentation to support its claim that the service of process costs $435.00. And, while private process server fees are generally taxable under 28 U.S.C. § 1920(1), such fees ordinarily may not exceed the statutory limit outlined in 28 U.S.C. § 1921, which is the allowable rate assessed by the United States Marshal's Service. *Beach Mathura v.*

10

*Am. Airlines, Inc.*, 571 F. App'x 810, 812-13 (11th Cir. 2014) (per curiam) (reversing district court award for service of process fees that exceeded the allowable rate under section 1921); *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The United States Marshal's Service is currently authorized to charge $65.00 per hour for each item personally served, plus travel costs and other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3). As a result, costs relating to serving process on Defendants should be limited to $130.00 ($65.00 per Defendant).

It is **RECOMMENDED:**

1. Plaintiff's Motion for Default Judgment (Doc. 20) be **GRANTED IN PART and DENIED IN PART**.

2. The Clerk be directed to enter a final default judgment in favor of Plaintiff and against Defendants Kahwa Hookah LLC and Fadi Herbawi, jointly and severally, in the total amount of $ 8,035.00, consisting of: $1,500.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $4,500.00 in enhanced statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(ii); $1,500.00 in attorney's fees; and $535.00 in costs.

3. The Clerk be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on March 5, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

11

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.